IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SECIAL HEATH | § | |
| v. | § | CIVIL ACTION NO. 5:22cv57-RWS-JBB |
| SHERIFF LEE JEFF, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Secial Heath, a former inmate of the Bowie County Jail proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

Plaintiff originally filed his lawsuit in the Northern District of Texas, which transferred the case to the Eastern District of Texas. Plaintiff has not contacted the Court since May of 2022. As such, he has failed to prosecute his case.[1] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b), F. R. Civ. P.; *Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835, 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago"). The lawsuit may be dismissed on this basis.

Further, Plaintiff's case suffers from a significant flaw. He names as Defendants "Sheriff Lee Jeff" of Bowie County and three individuals identified as David Davidson, Mike Davidson,

---

[1] The on-line records of Bowie County show Plaintiff was released from the Bowie County Jail on May 20, 2022, re-incarcerated on September 21, 2023, and released again on September 25, 2023. *See* Jail Records, Bowie County Case Records Search (follow "Jail Records" hyperlink; then search starting point field by "Booking Number" and search destination field for Case No. J23-003727)

and Ranacia Vandevander, all of whom are located in Houston, Texas. Plaintiff's claim says, in its entirety, that Sheriff Jeff "let other people on the jail premises," David Davidson "keep[s] following me," Mike Davidson "keep[s] coming around where I'm at," and Ranacia Vandevander "keep[s] coming wherever I'm at." For relief, Plaintiff asks for $29,000.00 and a bulldozer.

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will

not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

Plaintiff's allegations wholly fail to set out sufficient facts that, taken as true, state a claim for relief which is plausible on its face. He does not allege any violations of the Constitution or laws of the United States, and his complaint lacks factual allegations regarding any required elements for relief. Consequently, his lawsuit should be dismissed without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute and failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 2nd day of November, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE